02-10-447-CR









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

NO. 02-10-00447-CR

 

 


 
 
 Corey Andrew Chamberlain
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE
 
 


 

 

----------

 

FROM Criminal
District Court No. 1 OF Tarrant COUNTY

----------

 

MEMORANDUM
OPINION[1]

----------

 

I.  Introduction

          Appellant
Corey Andrew Chamberlain appeals from the trial court’s order revoking his
deferred adjudication community supervision and adjudicating him guilty of
burglary of a building.  In his sole point, Chamberlain argues that the trial
court erred by admitting hearsay at the revocation hearing.

II.  Procedural Background

          Chamberlain
pleaded guilty, pursuant to a plea agreement, to the state jail felony of
burglary of a building.  On April 30, 2010, the trial court placed Chamberlain
on three years’ deferred adjudication community supervision and imposed a $300
fine, $284 in court costs, and $300 in restitution.  The State filed a petition
to proceed to adjudication on August 24, 2010, alleging that Chamberlain had
violated multiple conditions of his community supervision. Specifically, the
State alleged that Chamberlain had committed a new offense, i.e., theft of a
truck (Paragraph 1); had tested positive for THC (Paragraph 2); had failed to
provide proof of employment (Paragraph 3); had failed to pay a supervision fee,
restitution, and a Crime Stoppers fee (Paragraph 4); had failed to submit to
urine testing (Paragraph 5); and had failed to book in to serve eight days’
confinement (Paragraph 6). 

          Chamberlain
pleaded “Not True” to all the allegations at the adjudication hearing.  The
trial court thereafter heard testimony from the probation officer, who
testified that, among other things, Chamberlain had failed to provide proof of
employment; that he had failed to pay the supervision fees for May through
August 2010; that he had not made monthly payments on his restitution during
May, June, July, and August; that he had failed to pay the Crime Stoppers fee;
and that he had failed to book in at the jail on July 23, 2010 to serve eight days’
confinement.  Chamberlain testified that he had asked an officer about getting
a job but was never told that he needed to obtain employment; that there were a
couple of months when he could not make the payments on his supervision fees,
restitution, and the Crime Stoppers fee; and that he showed up at the closed
probation office on July 23, 2010, that he went to three other buildings, and
that “nobody led [him] in the right direction” and so he did not get booked
into jail.

          The
trial court found the allegations in Paragraphs 1, 3, 4, 5, and 6 of the
State’s petition to be true, adjudicated Chamberlain guilty, and sentenced him
to eighteen months’ confinement.  This appeal followed.

III.  Standard
of Review

          We
review an order revoking community supervision under an abuse of discretion
standard.  Rickels v. State, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006);
Cardona v. State, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984).  In
a revocation proceeding, the State must prove by a preponderance of the evidence
that the defendant violated the terms and conditions of community supervision. 
Cobb v. State, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993).  The trial
court is the sole judge of the credibility of the witnesses and the weight to
be given their testimony, and we review the evidence in the light most
favorable to the trial court=s ruling.  Cardona,
665 S.W.2d at 493; Garrett v. State, 619 S.W.2d 172, 174 (Tex. Crim.
App. [Panel Op.] 1981).  Proof by a preponderance of the evidence of any one
of the alleged violations of the conditions of community supervision is
sufficient to support a revocation order.  Moore v. State, 605 S.W.2d
924, 926 (Tex. Crim. App. [Panel Op.] 1980); Sanchez v. State, 603
S.W.2d 869, 871 (Tex. Crim. App. [Panel Op.] 1980).

IV.  No Abuse
of Discretion

          In
his sole point, Chamberlain challenges only the trial court’s finding regarding
Paragraph 1, arguing that the trial court erred by admitting hearsay related to
the owner of the vehicle that was stolen.  Chamberlain failed, however, to challenge
the trial court’s findings that he had violated his community supervision as
alleged in Paragraphs 3 through 6 of the State’s petition to proceed to
adjudication.  Chamberlain’s probation officer testified concerning
Chamberlain’s violation of the terms of his community supervision as alleged in
Paragraphs 3, 4, and 6.  Although Chamberlain testified as to why he had not
complied with the terms of his community supervision as alleged by the State in
Paragraphs 3, 4, and 6, he did not testify that he had complied with those
terms.  Because proof of only one violation is sufficient to support a
revocation order, because Chamberlain’s sole point does not challenge, directly
or indirectly, the trial court’s findings with regard to his failure to provide
proof of employment (Paragraph 3); failure to pay a supervision fee,
restitution, and a Crime Stoppers fee (Paragraph 4); and failure to book in to
serve eight days’ confinement (Paragraph 6), and because the evidence presented
at the revocation hearing is sufficient to establish Chamberlain’s violation of
his community supervision terms as alleged by the State in Paragraphs 3, 4, and
6, we need not address the merits of Chamberlain’s sole point.  See Moore,
605 S.W.2d at 926; Spindor v. State, No. 02-07-00017-CR, 2008 WL
4445542, at *1 (Tex. App.—Fort Worth Oct. 2, 2008, pet. ref’d) (mem. op., not
designated for publication).  We therefore overrule Chamberlain’s sole point.

V.  Conclusion

          Having
overruled Chamberlain’s sole point, we affirm the trial court’s judgment.

 

 

PER CURIAM

 

 

PANEL: 
WALKER,
J.; LIVINGSTON, C.J.; and GABRIEL, J.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  October 20, 2011









[1]See Tex. R. App. P. 47.4.